### SHORT v. McGruder and another.

(*Circuit Court, E. D. Virginia.* May 29, 1884.)

HOMESTEADS—CANNOT BE RESERVED OUT OF PARTNERSHIP PROPERTY OF INSOLVENT FIRM.

Under the Virginia homestead law, partners in an insolvent firm cannot reserve to themselves homestead exemptions out of partnership property, *as such*, to the detriment of partnership creditors.

In Equity.

C. H. McGruder and H. Condon were partners in the retail shoe trade in the city of Richmond, who, finding themselves insolvent, executed, on the fourth of January, 1884, an assignment of their stock in trade, and all debts due the firm, to Sol. Cutchins, by deed of record, and charged the fund that should arise from sales with various preferences, which it is unnecessary to specify. Of the goods assigned a portion listed on Schedule A had been paid for, and those listed on Schedule B had not been paid for. The two lists, A and B, were attached to the trust deed; but the value of the goods were not specified on these lists, and they do not show the aggregate value of the goods embraced in each list. In the state of Virginia homestead exemptions cannot be claimed out of property which has not been paid for. The deed, among other things, recites that "whereas, the said C. H. McGruder and H. Condon, each being a householder and head of a family, desire to secure each for himself and his family the benefit of their homestead exemptions out of such of their property as has been paid for by them," etc., they "do hereby declare their intention to claim, and do, each for himself, claim such homestead exemptions, with a description of the property so claimed as hereinafter contained;" and "whereas, said McGruder and Condon, after securing each to himself the benefit of their homestead exemptions, as above stated, desire to secure their creditors as fully and as far as their means will permit them; now, therefore," they go on to assign their stock in trade for the purposes which they mention in the deed: first, to pay the necessary expenses of executing the trust, taxes, etc., and next they direct that "out of the proceeds of sale of that portion of the property which has been paid for, or which might in any way be lawfully set apart and claimed as homestead exemptions, the trustee shall set apart four thousand dollars, (two thousand dollars for each partner,) if so much there be, of such proceeds of such property, and pay the same over to each partner when, and not until, all creditors, afterwards mentioned as class first, shall be paid in full; and shall permit the partners, upon the same footing as other purchasers, to become purchasers of such part of the property embraced in Schedule A as they may desire, and charge them with the amount of such purchases in settlement of their homestead exemptions." The deed then proceeds to provide for the payment of creditors by classes.

*Legh R. Page, James Lyons,* and *H. M. Smith,* for plaintiff.
*Coke & Pickrell,* for defendants.

HUGHES, J. The charge is that the deed is fraudulent, because it reserves on its face $4,000 as a first charge for the benefit of the grantors. While it is settled law that a debtor in failing circumstances may, by *bona fide* deed, assign his estate in trust for the benefit of creditors, preferring one creditor or class of creditors to another, yet it is equally well-settled law that, in general, an insolvent debtor cannot, in an assignment, make a reservation, at the expense of his creditors, of any part of his property for his own benefit. If he does, the deed is void for fraud. This deed manifestly contains such a reservation, and is as manifestly void, unless there be something in the contention of defendants that the reservation is of a homestead exemption, and that this is allowed by law, and therefore does not invalidate the deed. The proposition would be sound if the grantors in the deed were not partners of a firm, if all the property conveyed in the deed were not social assets, and if the reservation made in the deed was not expressly and entirely made out of the social property. These being all undisputed facts, the question of the validity of the deed resolves itself into this: Whether or not the partners in an insolvent firm, doing business and having social effects in Virginia, can, under the laws of Virginia, reserve homestead exemptions to themselves out of partnership property, *as* partnership property, to the detriment of creditors. The general question has been discussed at bar whether or not partners may have homestead exemptions out of social effects. But I do not comprehend how the question can arise at all as a general proposition. The homestead exemption is a creation of statute law. It had no existence at common law or in the general law of any of the states. It is a creation of statute law, and there are probably as many laws granting homestead exemptions as there are states in the union, each being more or less peculiar in its essential features, in the amount and character of the homestead granted, in the manner of securing and holding it, and in other respects. Therefore, in adjudicating rights of homestead exemption, we cannot safely look beyond the statutes of the particular state in which the particular exemption under consideration is claimed, or safely rely upon the decisions of the courts of other states in their construction of other homestead laws. I do not think we have in the case at bar much to do with the decisions of the courts of other states on the question whether a partner in an insolvent firm may take to himself a homestead exemption out of his firm's property. The current of authority in the courts of other states, and in the courts of the United States, is strongly against such a right. But, I repeat, we have little to do with those precedents. We have to do with the homestead law of Virginia, and with that alone; and I shall confine my view to that law exclusively.

The question for us is whether or not the law of Virginia gives a

partner a homestead exemption out of the partnership property of an insolvent firm. Let me premise that there was no separation of the property of the firm of McGruder & Condon for the purpose of the homestead exemptions before their deed was executed. The two men did not each select from the property enumerated in Schedule A the articles which he intended to appropriate as his exemption, and, by separation, make it his separate property, before setting it apart. They did nothing to put an end to its character as firm property. It was out of firm property, *as such*, that they reserved their exemptions. Nay, it was out of the proceeds of the sale of firm property, when it should be sold *as such*, that they made the reservation. There was no separation. The exemption was provided for out of the sales of the property as firm property so described. The property remains to this day in the custody of the trustee as firm property. It is as firm property that the goods have come into the custody of the court. It is as firm property that we are now dealing with it. There has been no separation. This much premised, let us look into the law of Virginia relating to homesteads. The state constitution (section 1, art. 11) gives the homestead exemption to the householder or head of family "out of *his* real or personal property, or either, including money and debts due him." The statute law of the state (Code, c. 183, § 1) repeats the language of the constitution, and gives the exemption to the householder, etc., out of "*his* real or personal property, or either, including money and debts due *him*." The statute contains sundry other provisions in regard to real estate which do not apply to the present suit. After these it goes on to provide for cases in which exemptions of real estate have not been claimed, in whole or in part, and provides, in section 11, that in such cases the householder, etc., may select, set apart, and hold, exempt from levy, etc., so much of *his* personal property, including money, etc., as will not exceed in value $2,000, and requires that "he shall, in writing, designate the personal property so selected by him, *and each article thereof*, affixing thereto his cash valuation of each article, and shall return such writing to the clerk of the county court wherein he resides, to be recorded," etc. And section 16 of the same chapter provides that every householder, etc., who shall have failed to select and set apart a homestead and personal property as aforesaid, and who desires to avail himself of the benefit of the exemptions provided for in this act, etc., must file an inventory, under oath, in the court where the judgment, etc., is obtained, of the whole of the real and personal property *owned by him*, etc. And section 17 provides that upon such inventory, etc., being completed, the said householder, etc., may select from such inventory an amount of *such* property (that is to say, property *owned by him*) not exceeding the value of $2,000, etc.

I cite these provisions for the purpose of showing that the homestead law of Virginia gives to the individual householder or head of family an exemption *out of his own individual property*, and out of

that alone, and that it takes much pains to require that he shall separate it from his general estate. There is no provision of that law which can be construed on the most liberal principles of construction to give to the individual head of family an exemption out of property owned by others than himself. He derives this exemption exclusively from express statute. If a partner claims the exemption, he must show an express statutory grant of the right to reserve it out of partnership effects. The homestead law of Virginia will be searched in vain for such a grant; and that law not granting it, either in terms or by implication, the partner cannot reserve it. In this deed the partners make this reservation, and make it in such a way that the reserved property can come to them no otherwise than out of partnership property. Neither one of the partners can say that this was "*his property.*" Their reservation, therefore, of $4,000 for their individual benefit was illegal, was a fraud in law, and their deed was therefore null and void.

Decree accordingly.